## WOODROW WILLIAMS, JR. *v.* STATE OF MARYLAND

[No. 105, September Term, 1967.]

*Decided March 18, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*John R. Hargrove* for appellant.

*Alfred J. O'Ferrall, III, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *James B. Dudley, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Woodrow Williams, Jr., the appellant, was convicted of violating the narcotics laws and of being a subsequent offender, in the Criminal Court of Baltimore, Judge James K. Cullen presiding without a jury.

On October 20, 1966, Williams was arrested at the Trailways Bus Station in Baltimore by an officer of the narcotics unit of the Baltimore City Police Department on the basis of an outstanding warrant for burglary. The police officer searched the appellant and found heroin and narcotics paraphernalia. On January 6, 1967 Williams elected, pursuant to Maryland Rule 713, to be tried concurrently for the narcotics violation and for being a subsequent offender.

His only complaint on appeal is that the State should not have been allowed to introduce evidence pertaining to his prior narcotics conviction until he had been found guilty of the current offense.

This complaint was not raised below and is not properly before this Court under Maryland Rule 1085, *Boone v. State,* 2 Md. App. 80, 233 A. 2d 476. See also Maryland Rule 522 d (2), *Gaudio v. State,* 1 Md. App. 455, 230 A. 2d 700. Even if Williams had objected below, it would have been to no avail because he had elected to be tried concurrently under Maryland Rule 713; and therefore he had waived his right, even his constitutional right, to object, see *Gaudio, supra.* Williams relies heavily on *Lane v. Warden,*[1] 320 F. 2d 179 (4th Cir. 1963) which has been clearly overruled by *Spencer v. Texas,*[2] 385 U. S. 554, 87 S. Ct. 648, 17 L. Ed. 2d 606 (1967).

*Judgment affirmed.*

---

1. *Lane v. Warden, supra* held the section in the indictment pertaining to subsequent offenses could not be read to the jury at the commencement of the trial. The court further states that Maryland Rule 713, which was enacted after Lane's trial, alleviates this problem. Maryland Rule 713 provides that the jury should not be aware of the recidivist charge until the accused is found guilty of the current charge—it makes no reference of a nonjury trial.

2. *Spencer v. Texas, supra* allows the recidivist section of the indictment to be read to jury if they are properly admonished.